IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| EXPENSIFY, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 6:19-cv-35 |
| | § | |
| WEBEXPENSES, INC. | § | |
| | § | **JURY DEMANDED** |
| Defendant. | § | |
| | § | |

## COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND UNJUST ENRICHMENT

Plaintiff Expensify, Inc., a Delaware Corporation ("Expensify") brings this action pursuant to the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.* ("Lanham Act"); and trademark infringement, unfair competition, and unjust enrichment under Texas law seeking injunctive relief and damages against Webexpenses Inc., a Delaware Corporation ("Webexpenses"), and alleges as follows:

## I.      NATURE OF ACTION AND JURISDICTION

1.      Expensify creates software and services that automate the generation of expense reports.  Users can take photos of business receipts with their smartphones and receive reimbursement without submitting formal expense reports.

2.      Expensify brands its software and services with the federally registered trademark "Expensify."  In accordance with the provisions of federal law, Expensify

738148v.3

owns a registration for the EXPENSIFY mark with the United States Patent and Trademark Office. *See* U.S. Reg. No. 4,229,014. This registration is valid and subsisting and is incontestable. A true and correct copy of this registration is attached hereto as Exhibit A. Expensify has launched an advertising campaign under the trademarked phrase "Expensify This." That advertising campaign is a massive investment by Expensify, with the capstone of the campaign being a SuperBowl advertisement starring rapper 2 Chainz and actor Adam Scott. The SuperBowl ad features a new rap song commissioned by Expensify titled "Expensify This" that has garnered national attention and amplified Expensify's branding.

3.     Leading up to the SuperBowl on February 3, Expensify's ad campaign has generated substantial social media buzz. Expensify has aired the ads through various channels designed to stoke attention in anticipation of its SuperBowl advertising breakthrough. Notably, Expensify's ad allows viewers to scan receipts incurred by 2 Chainz for his extravagances in producing the rap music video, qualifying viewers to win cash and other prizes. It is an ingenious series of ads that invites viewers to participate in a product demo and to experience the ease of use of Expensify's services.

4.     Defendant Webexpenses, a rival expense reimbursement company, is attempting to piggyback on Expensify's investment and creativity and siphon off consumers. Shortly before the SuperBowl, WebExpenses began running Internet

ads that are triggered when consumers perform Google searches on Expensify's trademarked terms "Expensify" and "Expensify This."  Beyond merely using these terms to trigger their ads to pop up, Webexpenses is publishing its own advertisements with Expensify's trademarks.  Consumer-facing content of Webexpenses' ads brazenly leads with Expensify's own trademarks.  The initial interest confusion caused by Webexpenses' infringing advertisements is calculated, undeniable, and wrong.

5.     This Court has jurisdiction over the subject matter of this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121 and Chapter 85 of the Judiciary and Judicial Procedure Code, 28 U.S.C. §§ 1331 and 1338, and has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).

6.     The Court has personal jurisdiction over Defendant Webexpenses as it resides in Texas, having an office at 201 W 5th St., Suite 1100, Austin TX  78701. Webexpenses sells its services in violation of Expensify's trademarks in this State and Judicial District. Venue in this Judicial District is proper under 28 U.S.C. § 1391(b).

## II.    PARTIES

7.     Plaintiff Expensify is a Delaware Corporation having its principal office at 401 SW 5th Street, Portland OR  97204.

8.     On information and belief, Defendant Webexpenses Inc. is a Delaware corporation with a principal place of business in the United States at 201 W 5th St., Suite 1100, Austin TX 78701.

9.     Webexpenses, Inc. may be served via its registered agent, Registered Agents, Inc., at 700 Lavaca, Suite 1401 Austin, Texas 78701.

### III.    FACTS

### A.    PLAINTIFF EXPENSIFY AND ITS "EXPENSIFY THIS" CAMPAIGN

10.     Expensify was founded in 2009 in San Francisco, with the goal of making expense reporting simple.  It began marketing to businesses under the slogan "Expense Reports That Don't Suck."

11.     The term "Expensify" is a federally registered trademark (Reg. No. 4,229,014) that Expensify has been using continually in commerce since approximately 2009.

12.     Expensify has succeeded in establishing itself among the top companies offering expense reimbursement services.   Until now, Expensify has targeted primarily the business market.

13.     In 2019, Expensify is escalating its business to serve the mass consumer market and provide expense reimbursement services to anyone who needs to track expenses.   To take on this entire new market segment, Expensify sought an

advertising platform that reached the greatest number of consumers in the shortest possible time.   The answer was audacious:  the SuperBowl.

14.     Expensify has made a massive investment in advertising.  Not content to simply run a SuperBowl ad, Expensify has sought to dominate the SuperBowl advertising buzz.  To achieve this goal, Expensify recognized that its advertisement should not only be entertaining but could actually be transformed into a consumer experience event and product demo to show how simple and seamless expense reimbursements can be using Expensify.

15.     For the SuperBowl ad, Expensify engaged rapper 2 Chainz and actor Adam Scott and produced advertisements featuring a new rap video.  The video shows off the exorbitant purchases of 2 Chainz, and the receipts he incurs.   The TV viewer audience can scan 2 Chainz's receipts with their phones and be eligible to win cash prizes and the displayed merchandise.  The rap song by 2 Chainz is titled "Expensify This."

16.     "Expensify This" (Serial No. 88257162, Exhibit B) was filed on January 10, 2019.  Expensify announced its Expensify This campaign on January 17, 2019, and launched its "ExpensifyThis.com" website on January 24, 2019, establishing prior use in commerce.

17.    Starting on January 24, 2019, Expensify began airing a series of related advertisements featuring 2 Chainz and the rap song "Expensify This" to roll out the campaign leading up to the SuperBowl.

18.    Expensify's ads have generated staggering social media buzz. Advertising agencies have predicted that Expensify is one of the companies most likely to win the advertising crown of being the most talked-about SuperBowl ad of 2019.

## B.    DEFENDANT'S INFRINGING ACTIVITIES

19.    Defendant Webexpenses is a relative newcomer to the world of web-based expense reporting.

20.    Seeking to catapult its way to notoriety, Webexpenses is attempting to piggyback on Expensify's advertising boom.

21.    Webexpenses has created a series of Internet-based advertisements. Its advertisements appear to be triggered when a consumer enters search terms such as "Expensify" and "Expensify This" into a Google search. The search results that come back to the user include advertisements for Webexpenses.

22.    The search results from Webexpenses confuse consumers by leading with Expensify's trademarked phrases, including "Expensify" and "Expensify This." Representative advertisements are depicted below:



23.     Webexpenses' advertisements create initial interest confusion.  The use of "Expensify" and "Expensify This" is not merely for purposes of identifying the competition.   Rather, Webexpenses is using Expensify's trademarks to spark the consumer's interest in Webexpenses' ads by confusingly using and trading off of Expensify's marks.

24.     Webexpenses is not engaging in fair use of Expensify's marks.  The doctrine of "nominative fair use" in referring to competitors' marks is inapplicable here.  Webexpenses is not using only so much of Expensify's marks as necessary to as to identify its competition.   Rather, Webexpenses is leading its ads with

Expensify's marks in situations where consumers are searching on those very marks to find Expensify's services.  This is a deliberate and calculated attempt to confuse consumers.

## C.  EFFECT OF DEFENDANTS' ACTIVITIES

25.    Webexpenses' unauthorized use of Expensify's trademarks has caused and is likely to cause confusion, to cause mistake, and/or to deceive customers and potential customers of the parties, at least as to some affiliation, connection or association of Webexpenses with Expensify, or as to the origin, sponsorship, or approval of Webexpenses' services.

26.    Webexpenses' unauthorized use of Expensify's marks falsely designates the origin of its goods and services, and falsely and misleadingly describes and represents facts with respect to Expensify's goods and services.

27.    Webexpenses' unauthorized use of Expensify's trademarks enables Webexpenses to trade on and receive the benefit of goodwill built up at great labor and expense by Expensify, and to gain acceptance for their services not solely on their own merits, but on the reputation and goodwill of Expensify, its trademarks, and its goods and services.

28.    Webexpenses' unauthorized use of Expensify's marks unjustly enriches Webexpenses at Expensify's expense.  Webexpenses has been and continues to be unjustly enriched by obtaining a benefit from Expensify by taking

undue advantage of Expensify, its advertising and trademarks, and Expensify's goodwill.  Webexpenses has taken undue advantage of Expensify by trading on and profiting from the goodwill in the "Expensify" and "Expensify This" marks owned by Plaintiff, resulting in Webexpenses wrongfully obtaining a monetary and reputational benefit for its own business and services.

29.     Unless these acts of Webexpenses are restrained by this Court, they will continue, and they will continue to cause irreparable injury to Plaintiff and to the public for which there is no adequate remedy at law.

## IV.    COUNT I:  VIOLATION OF LANHAM ACT, 15 U.S.C. § 1114(a); LANHAM ACT § 32(a); REGISTERED TRADEMARK INFRINGEMENT

30.     Plaintiff repeats the allegations above as if fully set forth herein.

31.     Expensify has established valuable goodwill in the "Expensify" trademark as a result of its long and/or extensive investments in providing and promoting goods and services under the "Expensify" trademark. "Expensify" has come to be associated with Expensify's software and services and has come to symbolize the reputation of Expensify's high quality.

32.     Expensify has used the "Expensify" trademark in connection with identifying itself and its software and services from a time prior to Webexpenses' use of the trademarks. Thus, Expensify is the senior user of the "Expensify" trademarks.

33.    Webexpenses, without authorization from Expensify, has used, and is continuing to use, designations that are identical to and confusingly similar to the "Expensify" trademark.

34.    Webexpenses's use of the "Expensify" trademark in locations, which are the same, or overlapping, with Expensify's use of the "Expensify" trademark constitutes trademark infringement.

35.    Webexpenses has developed, promoted, and sold expense reporting automation software in a manner as to inevitably suggest an association, affiliation, or sponsorship with, or approval by, Expensify. Webexpenses' acts have caused, or are likely to cause, confusion or mistake among purchasers as to the origin or sponsorship of the software and services sold, all to the profit of Webexpenses and to Expensify's detriment.

36.    On information and belief, Webexpenses has utilized the "Expensify" trademark with full prior knowledge of Expensify's use of the "Expensify" and "Expensify This" trademarks, and Webexpenses' use of the trademark was, and is, for the willful and calculated purpose of trading on the goodwill associated with Expensify's trademark.

37.    The foregoing acts of Webexpenses are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among the

relevant buying public as to whether Webexpenses' products originate from, or are affiliated with, sponsored by, or endorsed by Expensify.

38.   The conduct of Webexpenses constitutes infringement of Expensify's rights in the "Expensify" trademarks under the Lanham Act all of which has irreparably damaged and will continue to irreparably damage Expensify, its goodwill, and reputation.

39.   Expensify is entitled to recover its damages caused by the conduct of Webexpenses, including without limitation, harm to the recognition and goodwill of its "Expensify" trademark, any lost sales, a disgorgement of profits of Webexpenses, the royalty that Webexpenses otherwise should have paid to Expensify for the right to use the trademarks, cost of corrective advertising, and recovery of other damages to Expensify which may be established at trial, including costs and interest.

40.   The foregoing conduct was willful and was intended to inflict harm on Expensify. Accordingly, Expensify is entitled to an award of punitive damages in an amount to be established at trial.

41.   Webexpenses' misconduct has caused and will continue to cause substantial, immediate and irreparable injury to Expensify in an amount that cannot presently be determined or cannot be fully quantified. Expensify has no adequate remedy at law to redress Webexpenses' infringement and unfair competition. Monetary relief alone is inadequate to fully address the irreparable injury that

Webexpenses' actions have caused and will continue to cause Expensify if the Court does not enjoin Webexpenses' use of the trademarks. Expensify is, therefore entitled to injunctive relief to stop Webexpenses' unfair competition and trademark infringement.

42.     Webexpenses' acts complained of herein have been deliberate, willful, intentional, or in bad faith, with full knowledge and conscious disregard of Expensify's rights in the "Expensify" trademark, and with intent to cause confusion and to trade on Expensify's goodwill in the mark.  In view of the egregious nature of Defendant's infringement, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

## V.     COUNT II:  VIOLATION OF LANHAM ACT, 15 U.S.C. § 1125(a); LANHAM ACT 43(a); UNFAIR COMPEITION & FALSE DESIGNATION OF ORIGIN

43.     Plaintiff repeats the allegations above as if fully set forth herein.

44.     Expensify has established valuable goodwill in the "Expensify" and "Expensify This" trademarks as a result of its long and/or extensive investments in providing and promoting goods and services under the "Expensify" and "Expensify This" trademark. These trademarks have come to be associated with Expensify's software and services and has come to symbolize the reputation of Expensify's high quality.

45.     Expensify has used the "Expensify" and "Expensify This" trademarks in connection with identifying itself and its software and services from a time prior to Webexpenses' use of the trademarks. Thus, Expensify is the senior user of the "Expensify" and "Expensify This" trademarks.

46.     Webexpenses, without authorization from Expensify, has used, and is continuing to use, designations that are identical to and confusingly similar to the "Expensify" and "Expensify This" trademark.

47.     Webexpenses's use of the "Expensify" and "Expensify This" trademarks in locations, which are the same, or overlapping, with Expensify's use of the "Expensify" and "Expensify This" trademarks constitutes trademark infringement.

48.     Webexpenses has developed, promoted, and sold expense reporting automation software in a manner as to inevitably suggest an association, affiliation, or sponsorship with, or approval by, Expensify. Webexpenses' acts have caused, or are likely to cause, confusion or mistake among purchasers as to the origin or sponsorship of the software and services sold, all to the profit of Webexpenses and to Expensify's detriment.

49.     On information and belief, Webexpenses has utilized the "Expensify" and "Expensify This" trademarks with full prior knowledge of Expensify's use of the "Expensify" and "Expensify This" trademarks, and Webexpenses' use of the

trademarks was, and is, for the willful and calculated purpose of trading on the goodwill associated with Expensify's trademarks.

50.     The foregoing acts of Webexpenses are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among the relevant buying public as to whether Webexpenses' products originate from, or are affiliated with, sponsored by, or endorsed by Expensify.

51.     The conduct of Webexpenses constitutes infringement of Expensify's rights in the "Expensify" and "Expensify This" trademarks under the Lanham Act all of which has irreparably damaged and will continue to irreparably damage Expensify, its goodwill, and reputation.

52.     Expensify is entitled to recover its damages caused by the conduct of Webexpenses, including without limitation, harm to the recognition and goodwill of its "Expensify" and "Expensify This" trademarks, any lost sales, a disgorgement of profits of Webexpenses, the royalty that Webexpenses otherwise should have paid to Expensify for the right to use the trademarks, cost of corrective advertising, and recovery of other damages to Expensify which may be established at trial, including costs and interest.

53.     The foregoing conduct was willful and was intended to inflict harm on Expensify. Accordingly, Expensify is entitled to an award of punitive damages in an amount to be established at trial.

54.     Webexpenses' misconduct has caused and will continue to cause substantial, immediate and irreparable injury to Expensify in an amount that cannot presently be determined or cannot be fully quantified. Expensify has no adequate remedy at law to redress Webexpenses' infringement and unfair competition. Monetary relief alone is inadequate to fully address the irreparable injury that Webexpenses' actions have caused and will continue to cause Expensify if the Court does not enjoin Webexpenses' use of the trademarks. Expensify is, therefore entitled to injunctive relief to stop Webexpenses' unfair competition and trademark infringement.

55.     Webexpenses' unauthorized use of the "Expensify" and "Expensify This" marks in connection with the sale, offering for sale, distribution, and/or advertising of expense reporting services, is likely to cause confusion or mistake or to deceive customers into falsely believing that Webexpenses' goods and services come from Expensify, or that Expensify has approved of or sponsored Webexpenses' services, all in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

56.     Webexpenses' acts complained of herein have been deliberate, willful, intentional, or in bad faith, with full knowledge and conscious disregard of Expensify's rights in the "Expensify" and "Expensify This" marks, and with intent to cause confusion and to trade on Expensify's goodwill in these marks.  In view of

the egregious nature of Defendant's infringement, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

## VI.     COUNT III:  TEXAS COMMON LAW UNFAIR COMPETITION & TRADEMARK INFRINGEMENT

57. Plaintiff repeats the allegations above as if fully set forth herein.

58.     Expensify has established valuable goodwill in the "Expensify" and "Expensify This" trademarks as a result of its long and/or extensive investments in providing and promoting goods and services under the "Expensify" and "Expensify This" trademark. These trademarks have come to be associated with Expensify's software and services and has come to symbolize the reputation of Expensify's high quality.

59.     Expensify has used the "Expensify" and "Expensify This" trademarks in connection with identifying itself and its software and services from a time prior to Webexpenses' use of the trademarks. Thus, Expensify is the senior user of the "Expensify" and "Expensify This" trademarks.

60.     Webexpenses, without authorization from Expensify, has used, and is continuing to use, designations that are identical to and confusingly similar to the "Expensify" and "Expensify This" trademark.

61.     Webexpenses's use of the "Expensify" and "Expensify This" trademarks in locations, which are the same, or overlapping, with Expensify's use

of the "Expensify" and "Expensify This" trademarks constitutes trademark infringement.

62.     Webexpenses has developed, promoted, and sold expense reporting automation software in a manner as to inevitably suggest an association, affiliation, or sponsorship with, or approval by, Expensify. Webexpenses' acts have caused, or are likely to cause, confusion or mistake among purchasers as to the origin or sponsorship of the software and services sold, all to the profit of Webexpenses and to Expensify's detriment.

63.     On information and belief, Webexpenses has utilized the "Expensify" and "Expensify This" trademarks with full prior knowledge of Expensify's use of the "Expensify" and "Expensify This" trademarks, and Webexpenses' use of the trademarks was, and is, for the willful and calculated purpose of trading on the goodwill associated with Expensify's trademarks.

64.     The foregoing acts of Webexpenses are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among the relevant buying public as to whether Webexpenses' products originate from, or are affiliated with, sponsored by, or endorsed by Expensify.

65.     The conduct of Webexpenses constitutes common law infringement of Expensify's rights in the "Expensify" and "Expensify This" trademarks and further constitutes common law unfair competition with Expensify, all of which has

irreparably damaged and will continue to irreparably damage Expensify, its goodwill, and reputation.

66.     Expensify is entitled to recover its damages caused by the conduct of Webexpenses, including without limitation, harm to the recognition and goodwill of its "Expensify" and "Expensify This" trademarks, any lost sales, a disgorgement of profits of Webexpenses, the royalty that Webexpenses otherwise should have paid to Expensify for the right to use the trademarks, cost of corrective advertising, and recovery of other damages to Expensify which may be established at trial, including costs and interest.

67.     The foregoing conduct was willful and was intended to inflict harm on Expensify. Accordingly, Expensify is entitled to an award of punitive damages in an amount to be established at trial.

68.     Webexpenses' misconduct has caused and will continue to cause substantial, immediate and irreparable injury to Expensify in an amount that cannot presently be determined or cannot be fully quantified. Expensify has no adequate remedy at law to redress Webexpenses' infringement and unfair competition. Monetary relief alone is inadequate to fully address the irreparable injury that Webexpenses' actions have caused and will continue to cause Expensify if the Court does not enjoin Webexpenses' use of the trademarks. Expensify is, therefore entitled

to injunctive relief to stop Webexpenses' unfair competition and trademark infringement.

## VII.    COUNT V:  UNJUST ENRICHMENT

69.    Plaintiff repeats the allegations above as if fully set forth herein.

70.    Webexpenses' unauthorized use of Expensify's trademarks unjustly enriches Webexpense.  Webexpenses has been and continues to obtain a benefit from Expensify by trading on and profiting from Expensify's goodwill.  The acts of Defendant complained of herein constitute unjust enrichment of Defendants at the expense of Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that:

(a)    The Court enter judgment that Defendant has infringed Expensify's trademarks under state and federal law;

(b)    The Court enter judgment that Defendants' infringement has been willful and deliberate;

(c)    Defendant, its officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with any of them, be temporarily and permanently enjoined from publishing or having published the "Expensify This? Nah Webexpense That" advertisement;

(d)      Defendant, its officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with any of them, be termporarily and permanently enjoined and restrained from using "Expensify" and "Expensify This" and any other mark that is confusingly similar to Plaintiff's trademarks, and from any attempt to retain any part of the goodwill misappropriated from Plaintiff;

(e)      Defendant be ordered to take all steps necessary to destroy and remove any published Webexpense materials bearing the "Expensify" and "Expensify This" mark;

(f)      Defendant be ordered to file with this Court and to serve upon Plaintiff, within thirty (30) days after the entry and service on Defendant of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

(g)      The Court enter judgment finding that this is an exceptional case and find that Plaintiff shall recover all determinable damages it has sustained as a result of Defendant's activities, and that said damages be trebled;

(h)      An accounting be directed to determine Defendant's profits and onboarded consumers resulting from its activities and that such profits be paid over to Plaintiff, increased as the Court finds to be just under the circumstances of this case;

(i)      Plaintiff recover its reasonable attorneys' fees;

(j)      Plaintiff recover its costs of this action and prejudgment and post-judgment interest; and

(k)      Plaintiff recover such other relief as the Court may deem appropriate.

## **JURY DEMAND**

Plaintiff requests a jury trial in accordance with Federal Rule of Civil Procedure 38(b).

DATED:  February 3, 2019                     Respectfully submitted,

Cabrach J. Connor
TX State Bar # 24036390
Cab@connorkudlaclee.com
Jennifer Tatum Lee
TX State Bar # 24046950
Jennifer@connorkudlaclee.com
Joshua G. Jones
Texas State Bar No. 24065517
josh@connorkudlaclee.com
**CONNOR KUDLAC LEE PLLC**
609 Castle Ridge Road, Suite 450
Austin, TX 78746
Tel. (512) 777-1254

Steven C. Carlson (pro hac vice forthcoming)
scarlson@robinskaplan.com
Kevin Pasquinelli (pro hac vice forthcoming)
kpasquinelli@robinskaplan.com
**ROBINS KAPLAN LLP**

2440 W. El Camino Real
Mountain View, CA  74040
Tel. (650) 784-4002
FAX:  (650) 784-4041

**ATTORNEYS FOR PLAINTIFF
EXPENSIFY, INC.**